■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR BARNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 23, 1983, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contention, the jury's decision to credit the People's witnesses is firmly supported by the record. Here several eyewitnesses, one of whom was the victim, positively identified the defendant, and he was caught

fleeing from the scene (see, People v Arroyo, 54 NY2d 567, cert denied 456 US 979). Thus, the evidence, when viewed in the light most favorable to the People, overwhelmingly established the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620).

Further, the trial court has authority to order amendment of an indictment with respect to defects, errors or variances from proof and so forth, provided the amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits (see, CPL 200.70 [1]). In the instant case, the amendment consisted solely of changing the description of the property that the defendant was accused of forcibly taking from the complainant. This change was permissible because the particular nature of the property stolen is not a material element of the crime of robbery (see, People v Spann, 56 NY2d 469).

The defendant's complaints regarding the court's charge to the jury are unpreserved for review as a matter of law (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Thompson, 97 AD2d 554) and the instructions were proper in any event (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847).

Finally, there is no reason to disturb the sentence. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.