■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON GOODMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered December 8, 1986, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 23, 1985, a robbery was committed at a storefront at which a so-called "numbers" operation was conducted, located on Troy Avenue in Brooklyn. An employee of the operation testified that at approximately 12:30 P.M. he saw a small yellow car pass in front of the building. Shortly thereafter, three tall young black men entered the store. One was armed with a "real new ax", and another with something that resembled a gun. After threatening the employee, the men took money and a white telephone, which they ripped from the wall. Approximately 10 to 13 minutes after the perpetrators left, three plain-clothes officers in an unmarked car spotted a yellow Volkswagen approximately eight blocks from the crime scene. Shortly thereafter, the car's occupants, 3 black men, 1 of whom was the defendant, were placed under arrest. The defendant, who was seated alone in the back seat of the car, exited the car carrying a blue pouch which contained an L-shaped metal handlebar wrapped in black electrical tape. A new ax still bearing its price tag and a white wall telephone were found on the panel behind where the defendant was seated in the car. The employee identified the ax and the handlebar, which resembled a gun, as the weapons used by the perpetrators. There was no eyewitness identification testimony and the defendant did not testify.

The defendant contends that the evidence adduced was insufficient to establish his guilt beyond a reasonable doubt. We disagree. It is well settled that the "standard of proof in circumstantial evidence cases is that the facts from which the inference of defendant's guilt is drawn must be inconsistent with the defendant's innocence and must exclude to a moral certainty every other reasonable hypothesis *(People v Sanchez,* 61 NY2d 1022, 1024; *People v Way,* 59 NY2d 361, 365; *People v Bearden,* 290 NY 478, 480)" *(People v Marin,* 65 NY2d 741, 742). The defendant was seen by the police within minutes of the robbery approximately eight blocks from where the crime occurred. He was found in a car resembling a car which had been seen in the vicinity of the crime scene, with two others who, along with him, matched the description of the perpetrators. Moreover, at the time of his arrest, the defendant was

carrying an implement identified as having been used by one of the perpetrators, and was sitting in the immediate vicinity of an ax identified as having been used by one of the perpetrators and a telephone similar to that taken from the crime scene. In short, the evidence adduced at trial excludes to a moral certainty every other reasonable hypothesis but guilt.

Also without merit is the defendant's contention that the court erred in granting the prosecutor's motion, made at the end of the People's case, to amend the indictment to include the telephone as part of the stolen property. The trial court has the authority to order amendment of an indictment, at any time before or during trial, with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, provided the amendment does not change the theory of the prosecution or otherwise serve to prejudice the defendant on the merits (see, CPL 200.70 [1]). The amendment permitted at bar consisted solely of changing the description of the property that the defendant was accused of forcibly taking from the complainant. As the particular nature of the property stolen is not a material element of the crime of robbery, and the crime charged by the trial court was the same criminal transaction for which the Grand Jury intended to indict the defendant, the amendment was properly permitted (see, People v Spann, 56 NY2d 469, 473-474; People v Barnes, 119 AD2d 828).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.