■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 6, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that the defendant forcibly stole property, i.e., a wallet, from the victim. On the instant appeal, the defendant argues that (1) the court, in its charge, referred to the stolen property in the conjunctive, i.e., a "wallet, keys and a beeper", (2) the People were therefore obligated to adduce legally sufficient proof that the keys and the beeper were also stolen, (3) the People failed to adduce such proof and (4) the conviction must therefore be reversed. This argument must be rejected.

The particular nature of the property stolen during the commission of a robbery is not, by statute, a material element of that crime *(People v Spann,* 56 NY2d 469; *People v Goodman,* 156 AD2d 713; *see also, People v Rooney,* 57 NY2d 822). In any event, legally sufficient evidence was adduced with

respect to the forcible taking of the keys and beeper *(see, Harrison v People,* 50 NY 518; *People v Alamo,* 34 NY2d 453).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.