■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ENGLISH, Appellant. [667 NYS2d 835] —Spain, J. Appeal, by permission, from an order of the County Court of Broome County (Mathews, J.), entered July 15, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of robbery in the first degree and murder in the second degree (two counts), without a hearing.

Following a jury trial, defendant was convicted of one count of robbery in the first degree, felony murder in the second degree and intentional murder in the second degree based on his actions in robbing and murdering a cab driver with the aid of two accomplices, Chao McBride and Anthony Washington. On defendant's direct appeal from the judgment of conviction, this Court rejected, *inter alia,* his claim that he was denied the effective assistance of counsel at trial (215 AD2d 871, *lvs denied* 86 NY2d 793, 87 NY2d 900). Subsequently, defendant brought this CPL 440.10 motion seeking to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel as established by certain evidence outside the record. According to defendant, his attorney was distracted by personal and professional problems which resulted in his failure to, *inter alia,* locate and secure the testimony of numerous exculpatory witnesses who would have given testimony that would have contradicted the prosecution's theory that defendant was the actual murderer. County Court denied the motion without a hearing and defendant now appeals by permission of a Justice of this Court.

We affirm. It is well settled that a hearing pursuant to CPL 440.10 is not always required—"a court will in the first instance determine on written submissions whether the motion can be decided without a hearing * * * [and a] [d]efendant must show that the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Satterfield,* 66 NY2d 796, 799 [citations omitted]). Here, we conclude that defendant's motion was properly denied without a hearing since the majority of the nonrecord witness statements offered by defendant established that, if called, these witnesses would only have offered cumulative or impeachment evidence. Moreover, from the statements of the remaining witnesses referenced by defendant, it is readily apparent that there were sound, strate-

gic reasons not to utilize such testimony in that it could have undercut the defense strategy pursued at trial.

The remaining arguments advanced by defendant have been examined and found to be unpersuasive. While defendant did proffer proof pertaining to the problems being experienced by his former attorney, defendant failed to specifically relate this evidence to the circumstances underlying his defense. Since there is no indication that defendant would offer anything but speculative proof on this issue, his motion to vacate was properly denied.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed.