■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS PEREZ, Respondent. [704 NYS2d 215] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about September 1, 1998, which granted the motion by defendant to dismiss the indictment, charging him with burglary in the third degree, with leave to re-present, unanimously reversed, on the law, the motion denied and the indictment reinstated.

A Grand Jury may return an indictment when there is competent evidence before it legally sufficient to establish that the defendant committed the offense charged (CPL 190.65 [1]). "Inquiry into the adequacy of the proof to establish reasonable cause—the 'degree of certitude' the evidence provides—is exclusively the province of the Grand Jury" (People v Swamp, 84 NY2d 725, 730). In evaluating the legal sufficiency of the

evidence underlying the indictment, the court must view the evidence in the light most favorable to the People (*People v Warner-Lambert Co.*, 51 NY2d 295, 299, *cert denied* 450 US 1031), and it "may neither resolve factual questions in anticipation of the task properly left for trial * * * nor usurp the role of the Grand Jury by substituting its own inferences for those the Grand Jury has drawn" (*People v Ballou*, 121 AD2d 861, 862, *lv denied* 68 NY2d 809 [citations omitted]).

"A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). There is no dispute that defendant entered or remained in the store unlawfully in that he was not licensed or privileged to do so (*see*, Penal Law § 140.00 [5]).

The court erred in concluding that the People failed to demonstrate the requisite intent. First of all, in the absence of a confession, the element of intent is necessarily established by circumstantial evidence (*People v Barnes*, 50 NY2d 375). The evidence presented, viewed most favorably to the People, was competent to establish defendant's intent to commit a crime in the store. Defendant was observed walking back and forth in front of the closed premises on three occasions just prior to his illegal entry; he was seen running toward the store in question just after the store next door to it had closed for the day; and he was next seen inside the building in the loading dock area where he turned and walked quickly toward the inner office. Defendant's actions leading up to his unlawful presence inside the inner office of the closed store, by themselves, supported the inference that defendant harbored a criminal intent beyond the passive intention to simply position himself inside the store.

Moreover, evidence of defendant's activities while inside also support the inference that at the time he harbored an intent to commit a crime therein. The police watching and listening from the floor above testified that they heard "rustling" and "thumping" noises emanating from the office, that when they opened the office door they found defendant with his hands in the air and he remarked "Okay, you got me," and that the shopping bag containing candies, which the store owner had placed under the counter before she left, had been moved to an area near the exit. This evidence, viewed in the light most favorable to the People, does, in fact, permit the inference of an intent to commit a crime therein. The fact that defendant was not charged with larceny, criminal mischief, or some other crime in addition to burglary is of no moment, since to prove

the requisite intent the People were not required to demonstrate that defendant had the intent to commit some particular crime (*see, People v Mackey*, 49 NY2d 274, 279).

Nor do we find error in the charge to the Grand Jury. "[A] Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394). A prosecutor's duty pursuant to CPL 190.25 (6) is satisfied where the Grand Jury has been provided with sufficient information to intelligently decide whether a crime has been committed and whether legally sufficient evidence established the material elements of the crime (*People v Goetz*, 68 NY2d 96, 115). The absence of an instruction on the statutory definition of "intent" was not fatal, since this term has an obvious and ordinary meaning which does not need to be explained (*see, People v Levens*, 252 AD2d 665, 666, *lv denied* 92 NY2d 927). Moreover, as defendant concedes on appeal, the prosecutor had no duty to give a circumstantial evidence charge to the Grand Jury, since both direct and circumstantial evidence was presented (*see, People v Daddona*, 81 NY2d 990; *People v Morales*, 183 AD2d 570, 572-573, *lv denied* 80 NY2d 896). Concur—Nardelli, J. P., Ellerin, Saxe and Buckley, JJ.