■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE L. CARROLL, Also Known as JOANNE L. BARILE, Appellant. [748 NYS2d 877] —Peters, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered February 9, 2001, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

Defendant pleaded guilty to the crime of robbery in the first degree in full satisfaction of a multicount indictment charging her and a codefendant with various crimes arising out of the shooting death of a young man at his home. During the plea colloquy, County Court indicated that the proposed plea agreement also encompassed the dismissal of certain charges outstanding in Richmond County, which it identified as A felony charges. The District Attorney and defense counsel agreed, and defendant proceeded to enter her plea. She was subsequently sentenced to a determinate term of 15 years in prison to be followed by a five-year period of postrelease supervision. Defendant appeals.

Defendant asserts that she was denied the effective assistance of counsel because her attorney advised her to plead guilty without properly investigating the charges pending against her. Specifically, she claims that her attorney recommended that she take a plea to avoid prison time for the A felony charges pending in Richmond County when, in fact, none of those charges were A felonies nor were they pending at the time of the plea offer. Initially, we note that inasmuch as defendant did not move to withdraw her guilty plea or vacate the judgment of conviction, her claim of ineffective assistance of counsel is not preserved for our review (*see People v Wright*, 295 AD2d 806, 806-807; *People v Grant*, 294 AD2d 671, 672). Additionally, defendant's claim of ineffective assistance is

premised upon matters outside the record and is, therefore, not properly the subject of a direct appeal (*see People v Garcia*, 187 AD2d 868, 868, *lv denied* 81 NY2d 885).

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.