■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BETHUNE, Appellant. [884 NYS2d 503]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 10, 2008, convicting defendant following a nonjury trial of the crimes of burglary in the third degree and criminal possession of stolen property in the fifth degree.

In July 2007, a laptop was reported stolen from the administrative building of a cement plant in the Town of Coeymans, Albany County. Defendant was identified as a suspect after a plant employee recognized him from surveillance footage as an employee of a cleaning company that the plant had formerly used. This footage, taken the day before the laptop was reported missing, showed him carrying two laptop cases in the building's third-floor office area. Police thereafter took defendant into custody and accompanied him to a pawn shop in the City of Schenectady, Schenectady County, where a laptop was recovered.

Defendant was indicted on one count each of burglary in the third degree and criminal possession of stolen property in the fourth degree. After a suppression hearing, County Court found that defendant had received inadequate *Miranda* warnings and suppressed the laptop and defendant's related statements. He was convicted as charged following a bench trial. At sentencing, County Court reduced the criminal possession conviction to criminal possession of stolen property in the fifth degree, holding that the People had not adequately demonstrated the value of the stolen property that defendant allegedly possessed. Defendant was sentenced as a second felony offender to a prison term of 3½ to 7 years on the burglary conviction and to a conditional discharge on the stolen property conviction. He now appeals.

Initially, defendant argues that the indictment should have been dismissed because it was instigated by an illegal arrest. He contends that the Coeymans police officers who arrested him lacked the authority to do so in Schenectady, lacked probable cause for the arrest, and administered inadequate *Miranda* warnings. This claim is without merit. Contrary to defendant's contention, his Schenectady arrest was valid even though it did not take place in the jurisdiction where the arresting officers

were employed (*see* CPL 140.10 [3]). Further, the officers did not lack probable cause for the arrest. The information they acquired during their investigation, including the plant employee's recognition of defendant on the surveillance footage, identifying information provided by defendant's employer and parole officer, and the officers' separate identification of defendant as the person shown in the surveillance footage after finding him in the vehicle previously identified by their investigation as belonging to the suspect, was sufficient to support the reasonable belief that defendant had committed the offense the officers were investigating (*see People v Shulman*, 6 NY3d 1, 25-26 [2005], *cert denied* 547 US 1043 [2006]; *People v Terry*, 2 AD3d 977, 978-979 [2003], *lv denied* 2 NY3d 746 [2004]). Defendant's further argument regarding probable cause relative to an alleged discrepancy in computer serial numbers is based entirely on facts outside the record and, as such, is incapable of review on direct appeal (*see People v Carroll*, 299 AD2d 572, 572-573 [2002], *lv denied* 99 NY2d 625, 626 [2003]). Finally, as to the adequacy of the *Miranda* warnings, defendant received the appropriate relief when County Court suppressed the laptop and his related statements (*see e.g. People v Baggett*, 57 AD3d 1093, 1095 [2008]; *People v Durrin*, 32 AD3d 665, 667-668 [2006]).

Next, defendant contends that the evidence with respect to his burglary conviction was legally insufficient to prove that he "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20; *see generally People v Gaines*, 74 NY2d 358 [1989]). A person enters or remains unlawfully in a building "when he [or she] is not licensed or privileged to do so" (Penal Law § 140.00 [5]), an element capable of circumstantial proof (*see Matter of Tyshawn J.*, 304 AD2d 331, 331 [2003]). Though the building's lobby was open to the public, the statute specifically provides that a "license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public" (Penal Law § 140.00 [5]). Defendant was videographically recorded on the third floor of the plant's administrative building, a level that contained cubicles and open records (*see e.g. People v Harris*, 19 AD3d 171, 172 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Quinones*, 18 AD3d 330, 330 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Terry*, 2 AD3d at 978). Such a "clearly . . . private area . . . was not open to the public" (*People v Thomas*, 38 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 852 [2007]; *see People v Powell*, 58 NY2d 1009, 1010 [1983]; *People v Daniels*, 8 AD3d 1022, 1022-1023 [2004], *lv*

*denied* 3 NY3d 705 [2004]; *People v Durecot*, 224 AD2d 264, 264-265 [1996], *lv denied* 88 NY2d 878 [1996]; *People v Lloyd*, 180 AD2d 527, 527-528 [1992], *lv denied* 79 NY2d 1003 [1992]). Finally, defendant's claim that he had entered the plant several days previously without objection does not demonstrate that he was licensed to enter on either occasion or that he reasonably believed that he was licensed do so (*compare People v Tennant*, 285 AD2d 817, 818-819 [2001]; *People v McCargo*, 226 AD2d 480, 480-481 [1996]; *People v Uloth*, 201 AD2d 926, 926-927 [1994]). County Court therefore properly determined that the evidence that defendant "knowingly enter[ed] or remain[ed] unlawfully" in the plant was legally sufficient to support his burglary conviction (Penal Law § 140.20; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see generally People v Romero*, 7 NY3d 633 [2006]).

With respect to the stolen property conviction, the People were obligated to prove that defendant "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.40). Defendant contends that the evidence was legally insufficient to prove the element of knowing possession. Circumstantial evidence may be relied upon relative to this element. " 'Direct proof of culpable knowledge on the part of a defendant in a criminal possession of stolen property trial is rare' " (*People v Lewis*, 125 AD2d 918, 919 [1986], *lv denied* 69 NY2d 882 [1987], quoting *People v Sharland*, 111 AD2d 479, 479 [1985]). There was testimony in the record that defendant entered the administrative building carrying a single laptop case. The surveillance footage taken shortly thereafter showed him emerging with a second laptop case from a third-floor office that he was not authorized to enter. As criminal possession of stolen property in the fifth degree does not require proof of value (*see People v Bayusik*, 192 AD2d 1073, 1074-1075 [1993], *affd* 83 NY2d 774 [1994]), defendant's videotaped possession of a second laptop case that he had removed without authorization from a private office is legally sufficient to support the conclusion that he knowingly possessed stolen property, even without proof that the case actually contained a laptop (*see e.g. People v Berni*, 134 AD2d 436 [1987], *lv denied* 70 NY2d 952 [1988]; *cf. People v Spann*, 56 NY2d 469, 473 [1982]; *People v Goodman*, 156 AD2d 713, 714 [1989], *lv denied* 75 NY2d 919 [1990]; *People v Barnes*, 119 AD2d 828, 829 [1986], *lv denied* 68 NY2d 755 [1986]; *see generally People v Bleakley*, 69 NY2d at 495). Moreover, upon the exercise of our factual review power,

we are also satisfied that the verdict on this count is not against the weight of the evidence (*see generally People v Romero*, 7 NY3d at 633). Defendant's contention that the proof was inadequate to establish the value of the stolen property was fully addressed by County Court's reduction of his conviction to criminal possession of stolen property in the fifth degree (*see People v Bayusik*, 192 AD2d at 1074-1075; *People v Tucker*, 165 AD2d 900, 901 [1990]).

Next, defendant argues that the indictment should have been dismissed because the People's instructions to the grand jury with respect to the elements of burglary were deficient. In defining that element of burglary which requires that a defendant "enter[ ] or remain[ ] unlawfully" in a building (Penal Law § 140.20), the prosecutor read aloud to the grand jury the first part of the definition of that term in Penal Law § 140.00 (5), which provides that "[a] person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." Defendant contends that the prosecutor should also have read the remainder of the statutory definition, which elaborates upon "license and privilege" as it applies to public places.

While a prosecutor must provide sufficient guidance to grand jurors to enable them to intelligently carry out their critical constitutional mission, grand jury instructions are not held to the same rigorous standards as those given to petit jurors by trial judges (*see People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles*, 62 NY2d 36, 38 [1984]; *People v Cannon*, 210 AD2d 764, 766 [1994]; *see generally* CPL 190.25 [6]). "[I]n the usual case, it is 'sufficient if the District Attorney provides the [g]rand [j]ury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime' " (*People v Valles*, 62 NY2d at 38, quoting *People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]). Where a term has an obvious meaning, the People need not necessarily charge the grand jury in detail thereon (*see People v Huntington*, 57 AD3d 1238, 1239 [2008]; *People v Perez*, 269 AD2d 321, 323 [2000], *lv denied* 95 NY2d 801 [2000]; *People v Levens*, 252 AD2d 665, 666-667 [1998], *lv denied* 92 NY2d 927 [1998]; *People v Rockwell*, 97 AD2d 853, 854 [1983]). Contrary to defendant's argument, a reasonable grand juror would conclude from his or her personal experience that it is not unlawful to enter a public place or to remain there unless one's "license or privilege" to do so has been revoked. The prosecutor was thus not required to deliver an expanded instruction on

this term.* County Court properly refused to dismiss the indictment on this ground.

We also reject defendant's *Brady* argument premised on the People's failure to provide him with a copy of surveillance footage that showed him entering the plant three days before the alleged burglary. Even assuming that the footage was exculpatory, discussions in the record among County Court, the prosecutor, and defense counsel demonstrate that defendant "knew of . . . the evidence and its [allegedly] exculpatory nature" (*People v Doshi*, 93 NY2d 499, 506 [1999]; *see United States v LeRoy*, 687 F2d 610, 618-619 [2d Cir 1982], *cert denied* 459 US 1174 [1983]). As such, the videotape was "not suppressed by the prosecution and . . . accordingly, there was no *Brady* violation" (*People v LaValle*, 3 NY3d 88, 110 [2004]; *see Strickler v Greene*, 527 US 263, 280-282 [1999]).

We have considered defendant's remaining contentions, including those in his pro se supplemental brief. To the extent subject to review upon direct appeal, they are without merit.

Cardona, P.J., Rose, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

* Similarly, a challenge to the instructional sufficiency of a burglary charge to a grand jury that merely tracked the statutory language without any elaboration on the concept of "unlawful" entry has previously been rejected (*see People v Wade*, 260 AD2d 946, 947-948 [1999]; *see also People v Scott*, 175 AD2d 625, 626 [1991], *lv denied* 78 NY2d 1130 [1991]).