■ The People of the State of New York, Respondent, v Dwayne Bethune, Appellant. [915 NYS2d 419]—

Garry, J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered November 25, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in the third degree and criminal possession of stolen property in the fifth degree, without a hearing.

After a bench trial, defendant was convicted of burglary in the third degree and criminal possession of stolen property in the fourth degree in connection with the disappearance of a laptop computer from an office in a cement manufacturing facility in the Town of Coeymans, Albany County. County Court subsequently reduced the second conviction to criminal possession of stolen property in the fifth degree, sentenced defendant to a conditional discharge on this reduced conviction, and sentenced him as a second felony offender to a prison term of 3½ to 7 years on the burglary conviction. The judgment was affirmed on direct appeal (*People v Bethune*, 65 AD3d 749 [2009]). Defendant then moved pursuant to CPL 440.10 to vacate the judgment, and County Court denied the motion without a hearing. Defendant appeals by permission (*see* CPL 460.15).

In his CPL 440.10 motion, defendant contended, among other

things, that he received ineffective assistance at trial because his counsel failed to fully explore an alleged discrepancy between the serial numbers of the computer that formed the basis of his convictions and the computer that disappeared from the cement plant office.[1] County Court denied the motion on the ground that this issue was or could have been raised on direct appeal (*see* CPL 440.10 [2] [c]; *People v Polanco*, 52 AD3d 947 [2008], *lv denied* 11 NY3d 793 [2008]). Defendant contends that a hearing should have been held because, as we previously found in a different context upon his direct appeal, the serial number claim was based on facts outside the record (65 AD3d at 751). However, a hearing is not always required on a motion pursuant to CPL 440.10; the statute directs the court to first review the written submissions. Upon this initial review, defendant was required to reveal "that the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *see* CPL 440.30 [1], [2], [4]; *People v Orcutt*, 49 AD3d 1082, 1087-1088 [2008], *lv denied* 10 NY3d 938 [2008]). We find that no such showing was made.

Even if defendant were to establish his claim that the computer he allegedly removed from the cement plant office did not bear the serial number referenced in one of the felony complaints, he was not prosecuted upon this basis, but upon the subsequent grand jury indictments (*see* CPL 100.10 [5]; 210.05). The burglary indictment did not refer to any computer, and the indictment for criminal possession in the fourth degree referred to a stolen computer and carrying case without mention of any identifying numbers. Most critically, County Court ultimately reduced defendant's criminal possession conviction to criminal possession in the fifth degree; we previously found this conviction to be legally sufficient and not against the weight of the evidence based on, among other things, a video surveillance tape showing defendant carrying laptop cases out of the cement plant office—without regard to whether the cases contained any computer at all (65 AD3d at 751-753). Accordingly, defendant failed to show that the nonrecord facts were material or would "create an issue as to the validity of the judgment" (*People v Hoke*, 276 AD2d 903, 905 [2000], *lv denied* 96 NY2d 801 [2001]), and thus failed to reveal the need for a hearing.

The submissions and trial record do not support defendant's

---

1. Defendant's brief is limited to the claim that he received ineffective assistance of counsel, thus abandoning the remaining errors alleged in his CPL 440.10 motion (*see People v Hoffler*, 74 AD3d 1632, 1633 n 2 [2010]). To the extent that his supplemental pro se brief may be construed as challenging the legal sufficiency of his convictions, that claim was previously raised and found without merit (65 AD3d at 752).

claim that he received ineffective assistance. His counsel made certain limited inquiries about the serial numbers of several computers discussed during the trial, and the record reveals sound reasons that could have supported a reasonable strategic decision to avoid drawing attention to the computers by pursuing such inquiries further (*see People v Satterfield*, 66 NY2d at 799-800; *People v English*, 246 AD2d 925, 925-926 [1998], *lv denied* 91 NY2d 972 [1998]). Specifically, counsel had successfully moved before trial to suppress the computer that defendant was alleged to have removed from the office (65 AD3d at 751). There was trial testimony about a computer that had previously disappeared from the cement facility and a computer that defendant allegedly had with him when he entered the facility;[2] counsel objected to testimony about both computers as inadmissible evidence of defendant's prior bad acts (*see e.g. People v Chapman*, 54 AD3d 507, 511 [2008]). Thus, defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]). County Court properly denied defendant's CPL 440.10 motion (*see People v Orcutt*, 49 AD3d at 1087-1088).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed.

---

**2.** Defendant alleges in the affidavit supporting his CPL 440.10 motion that these two computers were one and the same and that he bought the computer he had with him on the day of the crimes from a cement facility employee. His girlfriend testified at trial that he could not use the computer he had with him because he did not have the codes, and that he went to the cement facility on the day of the crimes to get another one.