THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYARE STARKS, Appellant. [937 NYS2d 323]—

Contrary to the defendant's contention, the photographic array was not unduly suggestive. There is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals nearly identical in appearance (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert*

*denied* 498 US 833 [1990]; *People v Brown*, 89 AD3d 1032, 1032 [2011]). Here, the alleged variations in appearance between the photographs of other persons depicted in the photo array and that of the defendant were not so substantial as to render the photo array impermissibly suggestive (*see People v Chipp*, 75 NY2d at 336; *People v Alonge*, 74 AD3d 1354, 1355 [2010]; *People v Biesty*, 228 AD2d 608 [1996]). Accordingly, that branch of the defendant's omnibus motion which was to suppress identification testimony was properly denied.

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence seized after his arrest on January 7, 2010, on the basis that the police lacked probable cause to arrest him. The evidence adduced at the hearing established that the defendant's grandmother, who lived in the apartment with her two grandsons, gave consent for the police to enter (*see People v Read*, 74 AD3d 1245, 1246 [2010]). The evidence further established that the grandmother's consent was voluntarily given and was not the product of coercion (*see People v Quagliata*, 53 AD3d 670, 672 [2008]; *People v Sinzheimer*, 15 AD3d 732 [2005]). Given the grandmother's valid consent, it was unnecessary to produce evidence establishing that the police had probable cause to enter her apartment (*see People v Hodge*, 44 NY2d 553, 559 [1978]; *People v Campbell*, 271 AD2d 693 [2000]). Once inside the apartment, the police had probable cause to arrest the defendant. He matched the description of the perpetrator, and was holding a cell phone which matched the color and brand of the stolen phone given by one of the victims. Prior to the defendant's arrest, a detective called the phone number associated with the stolen phone, and the phone in the defendant's possession rang (*see People v McRay*, 51 NY2d 594, 602 [1980]).

The defendant also contends that the County Court improperly amended the indictment. We disagree. Amendments to identify the name of the victim or to clarify the objects forcibly taken are permissible (*see* CPL 200.70 [1]; *People v Spann*, 56 NY2d 469, 473-474 [1982]; *People v Jones*, 41 AD3d 507, 508 [2007]; *People v Goodman*, 156 AD2d 713, 714 [1989]; *People v Barnes*, 119 AD2d 828, 829 [1986]). Moreover, because there was evidence to support the defendant's affirmative defense that the weapon used in the robbery was a BB gun and not a real firearm, the County Court properly considered the lesser-included offense of robbery in the second degree (*see* Penal Law § 160.10 [2] [b]; § 160.15 [4]; *People v Ford*, 62 NY2d 275, 280 [1984]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.