In the Matter of the Arbitration between ALBANY POLICE SUPERVISOR's ASSOCIATION, Appellant, and CITY OF ALBANY et al., Respondents. [944 NYS2d 675]—

Lahtinen, J. Appeal from an order of the Supreme Court (Platkin, J.), entered July 26, 2011 in Albany County, which, among other things, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award.

Disciplinary charges that eventually resulted in termination of employment were brought against Peter McKenna, a sergeant with respondent City of Albany Police Department (hereinafter APD), arising from his role in a January 2009 incident involving George McNally, who was an APD detective at the time. Police received a 911 call reporting an apparently intoxicated indi-

vidual who was driving a truck at a high rate of speed through city streets, and who had nearly caused a head-on collision, swerved erratically, struck snowbanks with his truck, hit a parked car and then drove away from the scene of the accident. A check of the truck's license revealed that it belonged to McNally. The person who reported the incident was an off-duty police officer from another municipality who had followed McNally at a distance. McNally crossed into the Town of Bethlehem, Albany County, slowed and eventually stopped at a supermarket.

McKenna was on duty and found McNally's truck at the supermarket parking lot. McKenna pulled next to the truck as McNally returned to it from the store and apparently attempted to speak to him. McNally ostensibly did not respond, but instead drove off in his truck. McKenna did not attempt to stop McNally from leaving the parking lot or contact Town of Bethlehem police regarding McNally's location. The off-duty officer who had reported the incident told McKenna that McNally's truck was the one he had observed. McKenna then returned to the scene of the parked car that McNally had damaged in the City of Albany. There, McKenna allegedly failed to inform and misled superior officers about what had transpired in the supermarket parking lot.*

Following an investigation, McKenna was charged in June 2009 with 14 counts of misconduct. An arbitrator was selected in accordance with the collective bargaining agreement and a hearing was conducted. The arbitrator rendered a detailed written decision finding McKenna guilty of nine of the charges and concluding that termination of employment was the appropriate penalty. Thereafter, petitioner (the union which represents McKenna) commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award, and respondents cross-moved to confirm the award. Supreme Court, after thoroughly discussing the issues raised by petitioner, granted respondents' cross motion, denied the petition to vacate, and confirmed the arbitration award. Petitioner appeals.

We affirm. "In circumstances when the parties agree to submit their dispute to an arbitrator, courts generally play a limited role" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to

---

* McNally was arrested and eventually pleaded guilty to driving while intoxicated and reckless driving.

conform to their sense of justice" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]). "[A] court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *see Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90-91 [2010]).

In light of the limited scope of judicial review, there is no basis in this record to vacate the arbitrator's award. Petitioner contends that McKenna was not legally authorized to stop McNally because he was outside the jurisdiction of the APD, and a high speed chase would have violated the pursuit policy of the APD. When McKenna encountered McNally at the supermarket parking lot, there was no pursuit in progress since McNally was parked. Nor was there necessarily a reason to believe that a high speed chase would ensue. Moreover, viewed with the appropriate deferential standard, there was sufficient proof at the hearing of information known to McKenna such that he should have attempted to stop McNally in the parking lot despite the fact that they were then located in an adjoining jurisdiction (*see generally* CPL 140.10 [1] [b], [3]; *People v Bethune*, 65 AD3d 749, 750-751 [2009]). The references in respondents' counsel's post-hearing brief referring to McKenna—whose credibility was a key issue—as "a liar," while clearly unnecessary, did not rise to the level of gross misconduct totally infecting the fairness of the entire arbitration. The arbitrator's findings that McKenna was untruthful when questioned by a superior officer regarding what occurred in the supermarket parking lot are supported by the record and did not result from the arbitrator grossly expanding the charges or other arbitral misconduct as asserted by petitioner. Petitioner's contention that the penalty was so disproportionate as to constitute arbitral misconduct is unpersuasive. The remaining issues have been considered and are unavailing.

Peters, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.