Malone Jr., J.
*1354 Defendant contends that County Court improperly denied his CPL 440.10 application without first conducting a hearing. A hearing is not required on every motion brought pursuant to CPL 440.10, and it is within the trial court’s sound discretion to determine whether a hearing is necessary in a particular case (see People v Snyder, 91 AD3d 1206, 1214 [2012], lv denied 19 NY3d 968 [2012]). “[T]o establish ineffective assistance, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel’s allegedly deficient conduct” (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Rivera, 71 NY2d 705, 709 [1988]; People v Snyder, 91 AD3d at 1214). Moreover, the benefit of a CPL 440.10 motion is that the defendant is able to develop a complete record containing factual evidence in support of his or her claims that counsel’s representation was deficient (see People v Jones, 55 NY2d 771, 773 [1981]; People v Smith, 305 AD2d 853, 854 [2003], lv denied 100 NY2d 624 [2003]).
Here, the claimed inadequacies of counsel are the failure to seek an adjournment after being served with a lengthy Brady disclosure on the eve of trial, the failure to make any discovery requests or a specific demand for Brady material and the failure to make any pretrial motions to suppress certain evidence against defendant. Defendant’s motion papers did not present any factual evidence to develop the record with regard to any of the alleged deficiencies of trial counsel beyond the trial record. In response to defendant’s motion, the People submitted the affidavit of trial counsel offering an explanation of his trial strategy and the reasons behind his decision to forgo the motions now identified by defendant. In particular, based upon defendant’s intention to testify at trial, counsel made a decision to not pursue suppression motions, thereby avoiding the potential that defendant’s testimony at the suppression hearings could be used to undermine his trial testimony. Additionally, counsel averred that after several discussions with defendant, they decided to pursue a defense strategy that maintained defendant’s alibi and emphasized that, despite the questionable police tactics, he had not confessed and the investigation had yielded only circumstantial evidence against him. Counsel presented strategic explanations for the alleged errors, which have not been controverted by defendant, and affirmed that he had sufficient time to diligently review the Brady material. Inasmuch as defendant has not demonstrated that counsel’s trial approach was the result of incompetence or imprudence rather than merely unsuccessful tactics, we find no error in County Court’s denial of the motion without a hearing (see People v Weather- *1355 spoon, 86 AD3d 792, 794 [2011], lv denied 17 NY3d 905 [2011]; People v Bethune, 80 AD3d 1075, 1076-1077 [2011], lv denied 17 NY3d 792 [2011]).
Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed.