THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v RALIK BAILEY, Appellant. [7 NYS3d 571]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered December 15, 1995, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress testimony regarding a lineup identification. While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see People v Moore*, 118 AD3d 916, 918 [2014]; *People v Starks*, 91 AD3d 975 [2012]). Here, the photograph taken of the lineup reflects that the fillers sufficiently resembled the defendant.

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Fields*, 109 AD3d 553, 554 [2013]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Fields*, 109 AD3d at 554). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The remaining contentions in the defendant's main brief are without merit. The contentions raised in the defendant's pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.