OPINION OF THE COURT
Craig Stephen Brown, J.
It is hereby ordered that the defendant’s motion is decided as follows:[1]
Motion to Inspect Grand Jury Minutes
Defendant, charged with making a terroristic threat (Penal Law § 490.20), moves pursuant to CPL 210.20 (1) (b) to dismiss the indictment on the ground that the evidence presented to the grand jury was not legally sufficient to support the charge.
According to evidence presented to the grand jury, defendant commenced a civil lawsuit against the Newburgh Housing Authority, a governmental agency, alleging that she has been unlawfully denied public housing by said agency based upon discrimination. Defendant was and is representing herself in that lawsuit. The Housing Authority retained the law firm of Rider, Weiner & Frankel to defend the lawsuit and the case was assigned to one of its attorneys, Jeffrey Sculley.
*232 On June 25, 2015, defendant called the Authority’s attorney on two occasions to discuss an upcoming telephone conference with the judge assigned to the case which was scheduled for Monday, June 29, 2015. The telephone conversation was recorded by Mr. Sculley. During the course of the conversation, defendant allegedly made, inter alia, the following statements:
“no case should be dragged out, this case is dragging on long enough . . . Monday, I want this shit resolved. Do you hear me? . . . Give me a settlement . . . You are standing between me and my vouchers . . . Your client discriminated against me . . . I’m telling you that Monday, this case will be resolved ... I know you’re sadistic because you don’t even care if I take a shotgun right now and go to a white church and do what Dylann Roof did.[2] ... if you cared about this community . . . you would not try to put me in a position that Dylann Roof felt that he was in . . .1 may find a white church and set up in there for service and kill a bunch of white people. This is what you’re doing to me. This is how this proceeding is doing to me and terminating it is only going to put me in a worse frame of mind because I need assistance in living and that’s what that program is for . . . When some white bitch is burying her husband or her seven-year-old child during Catholic mass service, you’re going to have to live with yourself, Mr. Sculley . . . If I gotta remain homeless . . . what choice are you giving me? Now, you can take this for what it’s worth or you can keep fucking with me.”
Penal Law § 490.20 provides:
“1. A person is guilty of making a terroristic threat when with intent to intimidate or coerce a civilian population, influence the policy of a unit of government by intimidation or coercion, or affect the conduct of a unit of government by murder, assassination or kidnapping, he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense.
*233 “2. It shall be no defense to a prosecution pursuant to this section that the defendant did not have the intent or capability of committing the specified offense or that the threat was not made to a person who was a subject thereof.”
The court finds that the grand jury evidence established reasonable cause to believe defendant made an implied threat to Jeffrey Sculley, an agent for the Newburgh Housing Authority. Mr. Sculley was working as the attorney for and on behalf of the Newburgh Housing Authority when he was conferencing the case with the defendant during the two separate telephone calls. The implied threat was that if the case was not settled, she would cause the death of people at a church service and said implied threat created a reasonable expectation or fear of the imminent commission of the offense.
Defendant contends that the grand jury was not specifically instructed with respect to the definition of certain terms set forth in Penal Law § 490.20 and, more specifically, with the definition of “unit of government.” The court note that said terms are not defined in the statute and have their ordinary meaning (see People v Perez, 269 AD2d 321 [2000], lv denied 95 NY2d 801).
“[A] grand jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law.” (People v Darby, 75 NY2d 449, 454 [1990]; People v Calbud, Inc., 49 NY2d 389 [1980].) A prosecutor’s duty pursuant to CPL 190.25 (6) is satisfied where the grand jury has been provided with sufficient information to intelligently decide whether a crime has been committed and whether legally sufficient evidence established the material elements of the crime.
In the present case, there was legally sufficient evidence presented to the grand jury to establish that Mr. Sculley was an attorney acting as an agent for and on behalf of the New-burgh Housing Authority, a public corporation. As such, failure by the District Attorney to define “unit of government” did not impair the integrity of the grand jury presentation.
Based upon the foregoing, defendant’s motion is granted to the extent that the court has reviewed the minutes of the grand jury and finds that the indictment is básed upon legally sufficient evidence and that the grand jury was properly instructed with respect to the applicable law.

. A decision and order, dated today, was issued relating to the remaining portion of defendant’s omnibus motion.

. Dylann Roof is a white American suspected of perpetrating the June 17, 2015 shooting during a prayer service at the Emanuel African Methodist Episcopal Church, in Charleston, South Carolina, which caused the death of nine African Americans.