People v Henry (2019 NY Slip Op 01459)





People v Henry


2019 NY Slip Op 01459


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

109029

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHAWN O. HENRY, Appellant.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Amanda M. Nellis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered June 5, 2015, upon a verdict convicting defendant of the crimes of burglary in the third degree, petit larceny and criminal mischief in the fourth degree.
Defendant was charged in a multicount indictment stemming from an incident where a television was stolen from a night lounge. Following a jury trial, defendant was convicted of burglary in the third degree, petit larceny and criminal mischief in the fourth degree. County Court thereafter sentenced defendant, as second felony offender, to concurrent prison terms, the greatest of which was 3½ to 7 years. Defendant now appeals.
Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence [FN1]. In this regard, defendant challenges the proof with respect to the issue of whether he knowingly entered or remained unlawfully at the subject premises (see Penal Law § 140.20). That said, a person enters or remains unlawfully in a building when he or she is not licensed or privileged to do so (see Penal Law § 140.00 [5]). "In general, a person is licensed or privileged to enter private premises when he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (People v Graves, 76 NY2d 16, 20 [1990] [internal quotation marks and citations omitted]). Whether such person was licensed or privileged to enter a building may be proved by circumstantial evidence (see People v Bethune, 65 AD3d 749, 751 [2009]).
At trial, the lounge manager testified that she arrived at the lounge on one night in August 2014 and observed that the double doors leading to the deck were open and that there was some wood lying on the ground. These doors were normally locked and secured with a deadbolt. The lounge manager stated that, when she looked inside, she discovered that a mounted television was missing from a wall. A detective with the City of Gloversville Police Department investigated the matter and saw several pry marks by the double doors and under the bracket where the missing television was mounted. The detective testified that, based upon his experience, such marks were caused by a small crow bar or large screwdriver. A surveillance video was played for the jury showing an individual in the lounge with a pry bar removing the television and walking out with it. Several witnesses at trial identified this individual as defendant.
Although a contrary result would not have been unreasonable, viewing the evidence in a neutral light, we are satisfied that the verdict was not against the weight of the evidence (see People v Brisson, 68 AD3d 1544, 1546 [2009], lv denied 14 NY3d 798 [2010]; People v Bethune, 65 AD3d at 752; People v Terry, 2 AD3d 977, 978 [2003], lv denied 2 NY3d 746 [2004]). In view of the record evidence, including the surveillance video, wherein defendant was identified as the perpetrator, and the pry marks discovered in the lounge, the jury could reasonably infer that he was not licensed or privileged to enter or remain in the lounge (see People v Little, 139 AD3d 1356, 1356 [2016], lv denied 28 NY3d 933 [2016]). Furthermore, to the extent that defendant challenges the veracity of the lounge owner, her credibility was explored at trial and we perceive nothing in the record that renders her testimony incredible as a matter of law (see People v Jones, 101 AD3d 1241, 1242 [2012], lv denied 21 NY3d 944 [2013]; People v Warner, 69 AD3d 1052, 1054 [2010], lv denied 14 NY3d 894 [2010]).
Defendant argues that he was deprived of a fair trial because County Court precluded him from testifying that the lounge manager told him to break into the lounge. We disagree. Contrary to defendant's assertion, such conversation was offered to prove the truth of the matter asserted and, therefore, was hearsay (see People v Guy, 93 AD3d 877, 879 [2012], lv denied 19 NY3d 961 [2012]). We further note that the lounge manager testified at trial and could have been asked about any statements that she allegedly made to defendant.
Finally, we reject defendant's claim that his sentence is harsh and excessive. County Court considered defendant's substance abuse history and his prior criminal history when imposing the sentence. In the absence of extraordinary circumstances or an abuse of discretion, we see no basis to modify the sentence in the interest of justice (see People v Rumola, 164 AD3d 1550, 1551 [2018]; People v Best, 158 AD3d 989, 990 [2018]; People v Tetreault, 131 AD3d 1327, 1328 [2015]). Defendant's remaining contentions, including his claim that he received the ineffective assistance of counsel, have been considered and are without merit.
Egan Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's legal sufficiency argument is unpreserved for our review given that he failed to renew his trial motion to dismiss at the close of all proof (see People v King, 162 AD3d 1228, 1229 [2018]).