People v Barone (2022 NY Slip Op 00335)





People v Barone


2022 NY Slip Op 00335


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

110742
[*1]The People of the State of New York, Respondent,
v
Michael J. Barone, Appellant.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered August 23, 2018, upon a verdict convicting defendant of the crime of burglary in the third degree.
Defendant was charged with burglary in the third degree stemming from an incident where items owned by the victim — specifically, a chainsaw and a gas can — were stolen from the victim's garage. Following a jury trial, defendant was convicted as charged. County Court sentenced defendant, as a second felony offender, to a prison term of 3½ to 7 years. Defendant appeals. We affirm.
Having been charged with burglary in the third degree, the People were obligated to prove that defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). In arguing that the verdict was not based on legally sufficient evidence, defendant contends that the proof failed to demonstrate that he actually entered the garage. "A person enters or remains unlawfully in a building when he or she is not licensed or privileged to do so, an element capable of circumstantial proof" (People v Bethune, 65 AD3d 749, 751 [2009] [internal quotation marks, brackets and citations omitted]).
At trial, the People tendered testimony from witnesses that both the chainsaw and the gas can were inside the garage prior to the incident at issue. As to the chainsaw, the victim testified that it was located two to three feet from the threshold of the garage and, as to the gas can, it was five to six feet from the threshold. The victim's spouse likewise corroborated the victim's testimony regarding the location of the chainsaw and the gas can as being inside the garage, and the People also tendered a surveillance video depicting defendant carrying a chainsaw case and a gas can. Viewing the evidence in the light most favorable to the People, the jury could have rationally found that defendant unlawfully entered the victim's garage (see id. at 751-752; People v Thomas, 38 AD3d 1134, 1135 [2007], lv denied 9 NY3d 852 [2007]; People v Covington, 274 AD2d 840, 841-842 [2000], lv denied 95 NY2d 962 [2000]; People v Walton, 214 AD2d 805, 806-807 [1995], lv denied 86 NY2d 785 [1995]).
Regarding defendant's weight of the evidence argument, a contrary result would not have been unreasonable if the jury believed defendant's testimony that the chainsaw and gas can were outside of the garage. It was within the province of the jury, however, to reject his testimony. Deferring to the jury's credibility assessments and viewing the evidence in a neutral light, the verdict was not against the weight of the evidence (see People v Henry, 169 AD3d 1273, 1274 [2019], lv denied 33 NY3d 1070 [2019]; People v Brisson, 68 AD3d 1544, 1546-1547 [2009], lv denied 14 NY3d 798 [2010]).
Finally, "[a] sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary [*2]circumstances exist warranting a modification" (People v Sindoni, 175 AD3d 750, 750 [2019] [internal quotation marks and citation omitted]). Supreme Court considered defendant's expressed remorse and various letters in support of a lenient sentence, as well as a victim impact statement and defendant's criminal history. Given that the record fails to disclose an abuse of discretion or extraordinary circumstances, the sentence will not be disturbed (see People v Henry, 169 AD3d at 1275).
Garry, P.J., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.