■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS EVANS, Appellant. [610 NYS2d 192] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered January 16, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and resisting arrest, and sentencing him, as a persistent violent felony offender, to concurrent terms of 14 years to life, 14 years to life, 8 years to life, 6 years to life and time served, respectively, unanimously affirmed.

Defendant's claim that the precinct lineup identification was unduly suggestive is not preserved for appellate review, and we decline to reach it in the interest of justice. Were we to reach this claim, we would find that it is without merit. Defendant complains that four of the five lineup stand-ins had "distinctly different facial hair than the style the complainant said was worn by his assailant". However, given that the stand-ins were similar to defendant in height and color and all had facial hair, any differences between the style of facial hair did not render the lineup unduly suggestive (see, People v Herrera, 198 AD2d 9).

We agree with defendant that the IAS Court erred in modifying its Sandoval ruling. The court concluded that defendant had opened the door to his previous convictions for attempted robbery by testifying that he had told police officers he was "not into that", i.e., robbery. However, when read in context, defendant's remark was an assertion that he had told police officers that he had not committed any crimes since being released from prison; the remark was not an indication that he had never committed robbery. However, the IAS Court's error should be deemed harmless in light of the overwhelming evidence of defendant's guilt (see, People v Crimmins, 36 NY2d 230). Complainant's identification of defendant at the lineup and at trial was certain; the police recovered from defendant a gold chain with a Star of David, which complainant identified at trial as being the jewelry that was taken from him, as well as the three dollars taken from complainant and the gun used; and defendant wrote and signed a confession to the crime. Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.