■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEMMIO TURMAN, Appellant. [713 NYS2d 390] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the first degree (Penal Law § 130.35 [1]) and sodomy in the first degree (Penal Law § 130.50 [1]), defendant contends that the identification testimony of the complainant should have been suppressed because it was based upon a suggestive pretrial identification procedure. Defendant contends that the photo array was unduly suggestive because he was the only one shown with neck scarring and the complainant had described her assailant as having scars on the neck. The photographs in the array are not so dissimilar as to render the photo array unduly suggestive (see, People v Lee, 207 AD2d 953, lv denied 85 NY2d 864). Moreover, the complainant testified she did not notice the neck scarring in the photograph when she identified defendant as her assailant. Even assuming, arguendo, that the array was unduly suggestive, we would nevertheless conclude that there was an independent basis for the in-court identification (see,

*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). We further conclude that defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.