■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL BILLUPS, Appellant. [762 NYS2d 521] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered November 28, 2001, convicting him of robbery in the second degree (two counts), assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecutor's summation comment regarding the defendant's failure to call his former girlfriend as a witness did not, in light of the defendant's testimony, constitute an impermissible effort to shift the burden of proof (*see People v Tankleff*, 84 NY2d 992, 994 [1994]; *People v Rivera*, 292 AD2d 549 [2002]; *see also People v De Jesus*, 42 NY2d 519 [1977]). While the prosecutor improperly implied during her summation that the defendant should have called someone named "Jimmy" as a witness, such error does not warrant reversal under the circumstances of this case (*see People v Ayers*, 214 AD2d 459 [1995]; *see also People v De Jesus, supra*). Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.