■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMINENT DAVIS, Appellant. [815 NYS2d 612]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 25, 1993, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

While lineup participants should have the same general physical characteristics as those of the suspect, a defendant need not be surrounded by individuals nearly identical to him in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Since the lineup participants resembled the defendant in weight, attire, hair color, and skin tone, minor variations in age did not render the lineup impermissibly suggestive or conducive to mistaken identification (*see People v*

*Jackson*, 98 NY2d 555, 559 [2002]; *People v Blue*, 267 AD2d 317, 318 [1999]).

Moreover, contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Bellilli*, 270 AD2d 355 [2000]; *People v Lam*, 226 AD2d 554, 555 [1996]; *People v Goolsby*, 213 AD2d 722, 723 [1995]). It is to be anticipated that sentences imposed after trial may be more severe than those proposed in connection with a plea (*see People v Pena*, 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]; *People v Bellilli, supra; People v Velez*, 222 AD2d 539, 541 [1995]). Moreover, the sentence imposed was not excessive (*see People v Felix*, 58 NY2d 156 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention regarding the denial of his motion for a mistrial and the admissibility of a witness's testimony about his own sobriety are without merit, and his remaining contentions are unpreserved for appellate review, and, in any event, without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.