THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL STEWART, Appellant. [859 NYS2d 663]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered June 22, 2006, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Spires, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues on appeal that the lineup identification testimony should have been suppressed on the ground that his

mustache was thicker and darker than the mustaches of certain other people in the lineup, and caused him to stand out. The determination of the hearing court that the lineup identification procedure was not unduly suggestive should not be disturbed unless it is unsupported by the record (*see People v Guzman*, 220 AD2d 614, 615 [1995]). Here, any differences in the facial hair of the people in the lineup does not render the lineup unduly suggestive, particularly as the defendant and all of the other people were similar in skin coloring, arrayed at the same height, appear to have been of similar builds and ages, and wore similar clothing and caps (*see People v Evans*, 202 AD2d 377 [1994]).

The defendant was not denied the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]; *People v Dolan*, 2 AD3d 745, 747 [2003]).

The defendant's arguments regarding the prosecutor's summation, to the extent it involved comments about defense counsel's cross-examination of the complainant concerning the weapon used in the robbery, appealing to jurors' sympathies, the ages and arrangement of lineup participants, and the alleged bolstering of identification testimony, are unpreserved for appellate review. Defense counsel either failed to object, or did not request further relief after objections were sustained and curative instructions given (*see* CPL 470.05 [2]; *People v Salnave*, 41 AD3d 872, 874 [2007]). The defendant's remaining arguments regarding the prosecutor's summation, which are preserved for appellate review, are without merit, particularly given the broad bounds of rhetorical comment permissible in closing arguments (*see People v Galloway*, 54 NY2d 396, 399 [1981]). Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.