■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON FERGUSON, Appellant. [866 NYS2d 346]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 22, 2007, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

"A photographic display is suggestive when some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Miller*, 33 AD3d 728, 728-729 [2006]; *see People v Wright*, 297 AD2d 391 [2002]). Here, the six-photograph array depicted men who were close in age, and had similar features, hairstyles, facial hair, and skin tones. Although the undercover investigator who made the identification described the suspect as having a facial scar and the defendant's facial scar was faintly visible in his photograph, that single difference, when considered together with the other similarities in the photographs, did not create a substantial likelihood that the defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990]; *People v Turman*, 275 AD2d 901 [2000]; *People v Boone*, 251 AD2d 423 [1998]). In any event, the undercover investigator, who was in close proximity to the defendant during two narcotics transactions, had an independent basis for his in-court identification (*see People v Turman*, 275 AD2d at 901-902).

The defendant's contention that a delay of four months between the date of the crime and the identification procedure rendered the identification evidence inadmissible is not preserved for appellate review (CPL 470.05 [2]) and, in any event, is without merit (*see People v Joyiens*, 39 NY2d 197, 203 [1976]; *People v Di Girolamo*, 197 AD2d 531, 532-533 [1993]; *see also People v Newball*, 76 NY2d 587, 592 [1990]).

The defendant failed to preserve for appellate review his contention that he was unduly prejudiced by portions of the prosecutor's cross-examination of him (*see* CPL 470.05 [2]; *People v Jones*, 46 AD3d 840 [2007]; *People v Aponte*, 28 AD3d 672 [2006]). In any event, the prosecutor's conduct did not cause the defendant substantial prejudice such that he was denied a fair trial (*see People v Swinton*, 21 AD3d 1039 [2005]; *People v Hunte*, 276 AD2d 717, 718 [2000]; *People v Peck*, 272 AD2d 946, 947 [2000]).

The defendant did not object to the verdict on the ground of repugnancy prior to discharge of the jury and, thus, failed to preserve this contention for appellate review (*see* CPL 470.05 [2]; *People v Satloff*, 56 NY2d 745 [1982]). In any event, the defendant's conviction was not inherently inconsistent with his acquittal of identical charges with respect to a second narcotics sale which allegedly occurred approximately 30 minutes later (*see People v Johnson*, 70 NY2d 819, 820 [1987]; *People v Tucker*, 55 NY2d 1, 7 [1981]; *People v Oyekoya*, 278 AD2d 253 [2000]; *People v Cruz*, 147 AD2d 584 [1989]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.