THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ORTIZ, Appellant. [880 NYS2d 77]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 13, 2006, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Although the participants in a lineup should all share the same general physical characteristics, there is no requirement that the defendant be surrounded by persons of nearly identical appearance (*see People v Kirby*, 34 AD3d 695 [2006]). Here, the photograph taken of the lineup viewed by the complainant depicts six males of the same race, relatively close in age, with similar skin tones, each wearing a black baseball cap. No disparity in their heights is apparent as they are all seated. Their weights appear similar. The lineup report, which lists each participant's age, height, and weight, bears out that they were of relatively similar appearance. Although three of the males had facial hair, and the defendant did not, any differences in their facial hair did not render the lineup unduly suggestive, in light of the numerous other similarities between the persons in the lineup (*see People v Stewart*, 51 AD3d 826, 827 [2008]).

Accordingly, as the lineup procedure was not such as to create a substantial likelihood that the defendant would be singled out for identification, that branch of his omnibus motion which was to suppress identification evidence was properly denied (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Adams*, 55 AD3d 616 [2008]; *People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.