■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY NEDD, Appellant. [913 NYS2d 564]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered April 24, 2009, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly determined that the pretrial identification procedures employed in this case were not unduly suggestive. The Supreme Court properly determined that the passage of approximately two months between the display of photographs to the complainant and her identification of the defendant at the lineup attenuated any possible taint of suggestiveness (*see People v Ashby*,

289 AD2d 588 [2001]; *People v Butts*, 279 AD2d 587 [2001]; *People v Hamilton*, 271 AD2d 618, 619 [2000]).

The defendant's contention that the accomplice testimony was not sufficiently corroborated to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 74 AD3d 993 [2010]; *People v Huertas*, 65 AD3d 594 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 634-635 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Prudenti, P.J., Florio, Balkin and Leventhal, JJ., concur.