■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR ORTIZ, Appellant. [922 NYS2d 192]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered March 3, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (St. George, J.), of the defendant's motion to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress identification

testimony. "A photographic display is suggestive when some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Miller*, 33 AD3d 728, 728-729 [2006]; *see People v Wright*, 297 AD2d 391 [2002]; *People v Williams*, 289 AD2d 270, 270-271 [2001]; *People v Cherry*, 150 AD2d 475, 475-476 [1989]). Contrary to the defendant's contention, there is no indication that his photograph differed significantly from the photographs of the fillers in either the photo array viewed by the complainant on April 17, 2009, or the photo array viewed by the complainant on May 21, 2009 (*see People v Ferguson*, 55 AD3d 926, 927 [2008]; *People v Turman*, 275 AD2d 901 [2000]; *People v Boone*, 251 AD2d 423 [1998]). Moreover, even if the photographic procedure was unduly suggestive, the passage of approximately six weeks between the complainant's viewing of the last photo array and her identification of the defendant at a lineup on July 3, 2009, was sufficient to attenuate any possible taint from the viewing of the photo array (*see People v Leibert*, 71 AD3d 513, 514 [2010]; *People v Butts*, 279 AD2d 587 [2001]; *People v Hamilton*, 271 AD2d 618, 619 [2000]; *People v Young*, 167 AD2d 366 [1990]; *People v Allah*, 158 AD2d 605, 606 [1990]).

The defendant argues that the grand jury proceedings were defective because the prosecutor improperly asked the complainant leading questions regarding the perpetrator's appearance and her identification of the defendant from a photo array, and failed to inform the grand jury that the defendant was the only one shown in the photo array with long hair and a facial scar. "[W]here defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial" (*People v Di Raffaele*, 55 NY2d 234, 240 [1982]). Therefore, by pleading guilty, the defendant forfeited judicial review of the alleged defects in the grand jury proceedings (*see People v Hansen*, 95 NY2d 227 [2000]; *People v Nordahl*, 46 AD3d 579, 580 [2007]; *People v Gerber*, 182 AD2d 252, 262 [1992]; *see also People v Johnson*, 299 AD2d 368, 369 [2002]; *People v Morgan*, 209 AD2d 727 [1994]). Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.