■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BURROUGHS, Appellant. [949 NYS2d 211]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered October 22, 2010, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the photographic array identification procedure employed in this case was unduly suggestive is without merit. "In determining whether a photographic array was 'unduly suggestive' the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification" (*People v*

*Dunlap*, 9 AD3d 434, 435 [2004], quoting *People v Chipp*, 75 NY2d 327, 336 [1990]; *see People v Brown*, 89 AD3d 1032, 1033 [2011]), and "[t]here is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals nearly identical in appearance" (*People v Starks*, 91 AD3d 975, 975 [2012]). Here, the witness selected the defendant's photograph from an array containing pictures of six individuals with similar characteristics, and none of the defendant's physical features depicted therein was so unusual as to single him out for identification (*see People v Hewitt*, 82 AD3d 1119, 1120 [2011]; *People v Curtis*, 71 AD3d 1044, 1045 [2010]; *People v Buckman*, 66 AD3d 1400, 1401-1402 [2009]; *People v Stackhouse*, 201 AD2d 686 [1994]).

The defendant's contention that a remark by the prosecutor during summation impermissibly shifted the burden of proof to the defendant is unpreserved for appellate review (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Paul*, 82 AD3d 1267, 1267-1268 [2011]), and, in any event, does not warrant reversal (*see People v Billups*, 307 AD2d 323 [2003]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.