■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN STATON, Appellant. [31 NYS3d 136]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 12, 2013, convicting him of robbery in the second degree, assault in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the photographic identification procedure employed in this case was unduly suggestive. Initially, contrary to the People's assertion, the defendant's argument is preserved for appellate review (*see* CPL 470.05 [2]). However, the defendant's contention is without merit.

"While the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335 [1990]; *see People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Dobbins*, 112 AD3d 735, 736 [2013]). "In determining whether a photographic array was 'unduly suggestive' the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification" (*People v Dunlap*, 9 AD3d 434, 435 [2004], quoting *People v Chipp*, 75 NY2d at 336; *see People v Burroughs*, 98 AD3d 583, 583 [2012]). "There is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals

nearly identical in appearance" (*People v Starks*, 91 AD3d 975, 975-976 [2012]; *see People v Chipp*, 75 NY2d at 336; *People v Burroughs*, 98 AD3d at 584).

Here, the People satisfied their initial burden of establishing that the photo array was not improper, and the defendant failed to demonstrate that the procedure was unduly suggestive. The participants in the photo array were sufficiently similar to the defendant in appearance such that there was little likelihood that he would be singled out for identification based on particular characteristics (*see People v Thomas*, 104 AD3d 710, 711 [2013]; *People v Brown*, 89 AD3d 1032, 1033 [2011]; *People v Ragunauth*, 24 AD3d 472, 472 [2005]). We do not agree with the position of our dissenting colleague that the defendant appears to be significantly older than the other individuals in the array, and that the characteristics of his picture draw the viewer's attention toward it. The six-photograph array depicted men who appeared to be relatively close in age. Additionally, the participants were sufficiently similar to the defendant in skin tone, hairstyle, facial hair, pose, and attire (*see People v Ferguson*, 55 AD3d 926, 927 [2008]; *People v Wright*, 297 AD2d 391, 391 [2002]; *People v Robert*, 184 AD2d 597, 598 [1992]). Although it appears that the defendant is the only participant in the array with salt and pepper hair, that difference, when considered together with the other similarities in the photographs, did not render the array unduly suggestive (*see People v Epolito*, 101 AD3d 1603 [2012]; *People v Ferguson*, 55 AD3d at 927; *see also People v Ortiz*, 61 AD3d 1003, 1003 [2009]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

The defendant next contends that the evidence was legally insufficient to establish that one of the complainants suffered physical injury within the meaning of Penal Law § 10.00 (9), as required for his convictions of robbery in the second degree and assault in the second degree (*see* Penal Law §§ 160.10 [2] [a]; 120.05 [12]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant suffered physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Chiddick*, 8 NY3d 445, 447 [2007]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to the counts of robbery in the second degree and assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Roman and Sgroi, JJ., concur.

Hall, J., dissents, and votes to reverse the judgment, grant that branch of the defendant's omnibus motion which was to suppress identification testimony, and order a new trial, to be preceded by an independent source hearing, with the following memorandum: In my view, the Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. Consequently, I respectfully dissent.

Upon viewing the photographic array, my attention is immediately drawn to the defendant's photograph, since the defendant appears to be significantly older than all other individuals in the array (*see People v Dobbins*, 112 AD3d 735, 737-738 [2013]). This age disparity is sufficiently apparent as to orient the viewer toward the defendant as a perpetrator of the crimes charged (*see People v Robinson*, 123 AD3d 1062, 1063 [2014]). Moreover, the defendant is the only individual in the array with salt and pepper hair, a feature specifically noted by one of the complainants in her description of the perpetrator (*see People v Pena*, 131 AD3d 708 [2015]). In addition, the defendant is the only individual in the array wearing a bright green shirt, and his photograph depicts a larger portion of his chest than the other individuals. In my view, these characteristics make the defendant's photograph pop out and draw the viewer's attention toward it, so as to indicate that the police had "made a particular selection" (*People v Curtis*, 71 AD3d 1044, 1045 [2010]). Thus, the photographic array is unduly suggestive.

Moreover, I find that, under the circumstances of this case, the passage of 7 and 12 days, respectively, between the complainants' viewing of the photographic array and their respective identifications of the defendant at a lineup, was insufficient to attenuate any possible taint from the viewing of the array (*cf. People v Ortiz*, 84 AD3d 839, 840 [2011]; *People v Nedd*, 79 AD3d 1150 [2010]; *People v Butts*, 279 AD2d 587 [2001]). Consequently, it is my opinion that the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

I agree with all other determinations made by the majority.

Accordingly, I respectfully dissent, and vote to reverse the judgment and order a new trial, to be preceded by an independent source hearing.