Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 12, 2013, convicting him of robbery in the second degree, assault in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The defendant contends that the photographic identification procedure employed in this case was unduly suggestive. Initially, contrary to the People’s assertion, the defendant’s argument is preserved for appellate review (see CPL 470.05 [2]). However, the defendant’s contention is without merit.
“While the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive” (People v Chipp, 75 NY2d 327, 335 [1990]; see People v Jackson, 98 NY2d 555, 559 [2002]; People v Dobbins, 112 AD3d 735, 736 [2013]). “In determining whether a photographic array was ‘unduly suggestive’ the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification” (People v Dunlap, 9 AD3d 434, 435 [2004], quoting People v Chipp, 75 NY2d at 336; see People v Burroughs, 98 AD3d 583, 583 [2012]). “There is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals *1150 nearly identical in appearance” (People v Starks, 91 AD3d 975, 975-976 [2012]; see People v Chipp, 75 NY2d at 336; People v Burroughs, 98 AD3d at 584).
Here, the People satisfied their initial burden of establishing that the photo array was not improper, and the defendant failed to demonstrate that the procedure was unduly suggestive. The participants in the photo array were sufficiently similar to the defendant in appearance such that there was little likelihood that he would be singled out for identification based on particular characteristics (see People v Thomas, 104 AD3d 710, 711 [2013]; People v Brown, 89 AD3d 1032, 1033 [2011]; People v Ragunauth, 24 AD3d 472, 472 [2005]). We do not agree with the position of our dissenting colleague that the defendant appears to be significantly older than the other individuals in the array, and that the characteristics of his picture draw the viewer’s attention toward it. The six-photograph array depicted men who appeared to be relatively close in age. Additionally, the participants were sufficiently similar to the defendant in skin tone, hairstyle, facial hair, pose, and attire (see People v Ferguson, 55 AD3d 926, 927 [2008]; People v Wright, 297 AD2d 391, 391 [2002]; People v Robert, 184 AD2d 597, 598 [1992]). Although it appears that the defendant is the only participant in the array with salt and pepper hair, that difference, when considered together with the other similarities in the photographs, did not render the array unduly suggestive (see People v Epolito, 101 AD3d 1603 [2012]; People v Ferguson, 55 AD3d at 927; see also People v Ortiz, 61 AD3d 1003, 1003 [2009]). Accordingly, the Supreme Court properly denied that branch of the defendant’s omnibus motion which was to suppress identification testimony.
The defendant next contends that the evidence was legally insufficient to establish that one of the complainants suffered physical injury within the meaning of Penal Law § 10.00 (9), as required for his convictions of robbery in the second degree and assault in the second degree (see Penal Law §§ 160.10 [2] [a]; 120.05 [12]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant suffered physical injury within the meaning of Penal Law § 10.00 (9) (see People v Chiddick, 8 NY3d 445, 447 [2007]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to the counts of robbery in the second degree and assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
*1151 The defendant’s remaining contentions are without merit. Rivera, J.R, Roman and Sgroi, JJ., concur.