People v Zamfino (2018 NY Slip Op 02492)





People v Zamfino


2018 NY Slip Op 02492


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2014-05800
 (Ind. No. 13-00180)

[*1]The People of the State of New York, respondent,
v
Joshua Zamfino, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Virginia A. Marciano, Laurie Sapakoff, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered May 7, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The hearing court properly declined to suppress identification testimony. "A photographic display is suggestive when some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (People v Miller, 33 AD3d 728, 728-729; see People v Ortiz, 84 AD3d 839, 840; People v Ferguson, 55 AD3d 926, 927). Here, all of the other men depicted in the six-photograph array appeared to be close in age to the defendant and had facial features, hairstyles, facial hair, and skin tones similar to the defendant. Although the defendant's facial scar was visible in the photograph, at least one other individual had a facial scar. Moreover, when considered in light of the similarities in the photographs, the scar did not create a substantial likelihood that the defendant would be singled out for identification (see People v Chipp, 75 NY2d 327, 336; People v Ortiz, 84 AD3d at 840; People v Ferguson, 55 AD3d at 927).
The defendant's contention that the verdict was repugnant because the jury found him guilty of assault in the second degree but acquitted him of criminal possession of a weapon in the third degree is unpreserved for appellate review, as he failed to raise the issue before the discharge of the jury (see People v Satloff, 56 NY2d 745, 746; People v Smith, 142 AD3d 1027, 1028; People v Moses, 36 AD3d 720, 720), and we decline to review it in the exercise of our interest of justice jurisdiction (cf. CPL 470.15[6][a]; People v Rayam, 94 NY2d 557, 562-563).
Contrary to the defendant's contention, the fact that the jury acquitted him of criminal possession of a weapon in the third degree does not undermine the weight of the evidence supporting the jury's verdict convicting him of assault in the second degree (see People v Rayam, 94 NY2d at 562-563; People v Choi, 137 AD3d 808, 809). An intermediate appellate court conducting a weight of the evidence review of a mixed verdict may consider " the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy'" (People v Rayam, 94 NY2d at 562 [*2][emphasis omitted], quoting People v Tucker, 55 NY2d 1, 7), and need not "assume the basis for any implied inconsistencies in mixed jury verdicts" (People v Rayam, 94 NY2d at 563; see People v Choi, 137 AD3d at 809; People v Pierre, 126 AD3d 817, 817). Upon reviewing the record here, we are satisfied that the verdict convicting the defendant of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court did not err in permitting the cross-examination of the defendant's alibi witnesses regarding their failure to come forward at the defendant's felony hearing (cf. People v Dawson, 50 NY2d 311). The court's brief comment regarding this cross-examination did not constitute reversible error (see generally People v Ojeda, 118 AD3d 919, 919). Moreover, the court properly instructed the jury regarding alibi witnesses (see People v Dawson, 50 NY2d at 322-323).
"[T]he determination as to whether to reopen a case for further testimony rests within the sound discretion of the trial court" (People v McCloud, 305 AD2d 428, 428). "Absent a compelling reason, the order of trial prescribed by CPL 260.30 should be followed" (People v Fama, 212 AD2d 542, 543). Here, contrary to the defendant's contention, the County Court providently exercised its discretion in denying the defendant's application to reopen the case (see People v Williams, 139 AD3d 885, 886-887; People v McCloud, 305 AD2d at 429; People v Aldridge, 247 AD2d 545, 546).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court