People v Brevard (2019 NY Slip Op 06611)





People v Brevard


2019 NY Slip Op 06611


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2016-08262
 (Ind. No. 2080/15)

[*1]The People of the State of New York, respondent,
v
Brent Brevard, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern and William Kastin of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Mariana Zelig, and Nancy Fitzpatrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered July 28, 2016, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah Stevens Modica, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention in his pro se supplemental brief, the Supreme Court did not err in declining to suppress identification evidence on the basis that the photo arrays and lineup procedures which resulted in the complainants' identification of the defendant as the perpetrator were unduly suggestive. There is no requirement that the other participants in a lineup or photo array be identical in appearance to the defendant (see People v Staton, 138 AD3d 1149, 1149-1150, affd 28 NY3d 1160; People v Davis, 27 AD3d 761). Here, the participants in the photo array were sufficiently similar in appearance to the defendant such that there was little likelihood that he would be singled out for identification based on particular characteristics (see People v Staton, 138 AD3d at 1150). Regarding the lineup, since the participants resembled the defendant in weight, attire, hair color, and skin tone, the variations in age did not render the lineup impermissibly suggestive or conducive to mistaken identification (see People v Davis, 27 AD3d 761). Further, the defendant has not established that he was deprived of the right to counsel at the lineups (see People v Hawkins, 55 NY2d 474; People v Reyes, 60 AD3d 873, 874-875).
The defendant was not deprived of the effective assistance of counsel during the hearing and trial (see People v Wragg, 26 NY3d 403, 409; People v Benevento, 91 NY2d 708). Defense counsel was not ineffective for failing to request that the trial court instruct the jury with respect to robbery in the third degree as a lesser-included offense of robbery in the first degree, as there was no reasonable view of the evidence under which the jury could have found that the defendant committed the lesser offense but not the greater (see CPL 300.50[1]; People v Mitchell, 59 AD3d 739, 740). Additionally, the defendant received meaningful representation despite counsel's failure to object to the admission of the defendant's inmate call log into evidence or to [*2]request a limiting instruction. Any error in that respect was not "sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152; see People v Tendilla-Fuentes, 157 AD3d 721, 723). Furthermore, contrary to the defendant's contention in his pro se supplemental brief, defense counsel provided meaningful representation in connection with the suppression hearing.
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court