People v Tannen (2020 NY Slip Op 02285)





People v Tannen


2020 NY Slip Op 02285


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11398 3531/16

[*1]The People of the State of New York, Respondent,
v
Blake Tannen, Defendant-Appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City (Donna Aldea of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered March 9, 2018, convicting defendant, after a jury trial, of attempted sexual abuse in the first degree and assault in the second degree (two counts), and sentencing him to an aggregate term of 7 years, unanimously affirmed.
The court's Sandoval ruling balanced the proper factors and was a proper exercise of discretion. The court was not obligated to preclude questioning about prior sexual misconduct, notwithstanding that the present charges included sex crimes (see People v Smith, 18 NY3d 588, 593-594 [2012]; People v Hayes, 97 NY2d 203 [2002]; People v Pavao, 59 NY2d 282, 292 [1983]), and it properly allowed the People to cross-examine defendant about a conviction by guilty plea in a case where he was awaiting sentence (see People v Brady, 97 NY2d 233 [2002]).
In any event, we find that any error in the Sandoval ruling, the admission of cell site location records, or the admission of certain out-of-court statements by the victim was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]; see also People v Grant, 7 NY3d 421, 425 [2006]). Among other things, a videotape clearly depicted defendant interacting with the victim shortly before the crime, and the victim's DNA was found in defendant's car.
Defendant did not preserve his legal insufficiency claim relating to his assault conviction under a count with a dangerous instrument element (Penal Law § 120.05[2]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that this conviction was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence established that when the victim refused defendant's request for sexual contact, defendant slammed her head into the dashboard of his car, fracturing her nose. This supports the conclusion that the dashboard was a dangerous instrument, because it was readily capable of causing serious physical injury under the circumstances in which it was used (see People v Ortega, 176 AD3d 479 [1st Dept 2019], lv denied 34 NY3d 1080 [2019]).
The court properly denied defendant's motion to suppress the victim's lineup identification, because the lineup was not unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). The participants were sufficiently similar, any differences in body type were minimized by having the participants with large number cards and blankets covering most of their bodies, and any differences in age or hair color were "not so noticeable as to single defendant out" (People v Amuso, 39 AD3d 425, 425 [1st Dept], lv denied 9 NY3d 862 [2007]). Defendant failed to preserve his argument that the victim's identification of defendant in the lineup was tainted by her viewing of herself and defendant in a surveillance video 11 days earlier, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters [*2]of strategy and claims relating to scientific evidence (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, in the absence of a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we
find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK