People v Bell (2020 NY Slip Op 06540)





People v Bell


2020 NY Slip Op 06540


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2015-12378
 (Ind. No. 3317/13)

[*1]The People of the State of New York, respondent,
v
Dexter Bell, appellant.


Jay H. Schwitzman, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered November 23, 2015, convicting him of predatory sexual assault (six counts), upon a jury verdict, and sentencing him as a second violent felony offender to concurrent indeterminate terms of imprisonment of 25 years to life on the convictions of predatory sexual assault under counts 42, 84, and 85 of the indictment, to run consecutively with indeterminate terms of imprisonment of 25 years to life on the convictions of predatory sexual assault under counts 1, 17, and 25 of the indictment, which are to run consecutively to each other. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the defendant's adjudication as a second violent felony offender, and (2) by providing that each of the terms of imprisonment shall run concurrently with each other, except that the terms of imprisonment imposed on the convictions of predatory sexual assault under counts 1 and 17 of the indictment shall run consecutively with the terms of imprisonment imposed on the convictions of predatory sexual assault under counts 25, 42, 84, and 85 of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted of six counts of predatory sexual assault, based on four separate incidents that occurred in April 2013, involving four female complainants.
The defendant contends that identification testimony should have been suppressed based on the fact that his facial scar or birthmark rendered the identification procedures unduly suggestive. However, this contention was not preserved for appellate review (see CPL 470.05[2]; People v Johnson, 165 AD3d 1169, 1170; People v Mullings, 88 AD3d 745, 745). In any event, we agree with the Supreme Court's denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. There is no requirement that the other participants in a lineup or photo array be identical in appearance to the defendant (see People v Staton, 138 AD3d 1149, 1149-1150, affd 28 NY3d 1160; People v Davis, 27 AD3d 761). Here, the participants in the photo array were sufficiently similar in appearance to the defendant such that there was little likelihood that he would be singled out for identification based on particular characteristics [*2](see People v Staton, 138 AD3d at 1150). Regarding the lineup, the participants generally resembled the defendant in weight, attire, hair styles, and skin tone, and the small scar or birthmark on the defendant's face, which was mentioned to the police by only one of the three complainants who viewed the lineup, did not render the lineup unduly suggestive (see People v Clarke, 55 AD3d 1447, 1449; People v Figaro, 305 AD2d 697; People v Jamison, 291 AD2d 298, 299; see also People v Ferguson, 55 AD3d 926, 927).
The defendant also failed to preserve for appellate review his contention that the prosecutor committed misconduct in connection with the opening statement (see CPL 470.05[2]; People v Freire, 168 AD3d 973, 976; People v Morrow, 143 AD3d 919, 921). In any event, the defendant's contention lacks merit. The purpose of an opening statement is for the prosecutor to summarize the "'the evidence that [the prosecutor] expects to present, and the claim[s] that [the prosecutor] will make with reference thereto, to the end that the jury, upon listening to the evidence, may better understand and appreciate its connection and bearing upon the case'" (People v Kurtz, 51 NY2d 380, 384, quoting People v Benham, 160 NY 402, 434). Here, the prosecutor did not make improper comments during the opening statement, nor exceed the bounds of permissible advocacy. The prosecutor's opening statement "constituted fair comment on the evidence to be presented, adequately described what the People intended to prove, and prepared the jury to resolve the factual issues of the trial" (People v Garson, 69 AD3d 650, 651 [citation omitted]; see Pepole v Hinojoso-Soto, 161 AD3d 1541, 1546). In particular, inter alia, the prosecutor's comments regarding the disability of one complainant, the activities of the complainants prior to their encounters with the defendant, and the defendant's clothing were relevant to the People's theory of the case and were consistent with the evidence that the People proceeded to present (see People v May, 138 AD3d 1024, 1026). The remarks regarding medical examinations that the complainants underwent were likewise proper, as consistent with the evidence that the People proceeded to present (see People v Wallace, 123 AD3d 1151, 1152).
The defendant was not deprived of the right to the effective assistance of counsel. In particular, inter alia, the fact that trial counsel did not move to suppress identification testimony on a certain ground, or object to the prosecutor's opening statement, did not constitute ineffective assistance of counsel. Trial counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success (see People v Caban, 5 NY3d 143, 152; People v Johnson, 149 AD3d 780, 782). Viewing the record as a whole, we find that the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
As the People acknowledge, the Supreme Court was not authorized to adjudicate the defendant a second violent felony offender, as the instant conviction was for a class A felony rather than a class B, C, D, or E felony (see Penal Law §§ 70.02[1]; 70.04[1][a]). Therefore, we vacate the defendant's adjudication as a second violent felony offender. "However, since the statutory sentencing parameters for a second violent felony offender do not include any specifications as to proper sentences for a class A felony because that crime is more serious than the crimes specified in those parameters, the error could not have affected the sentence imposed to the defendant's detriment" (People v Young, 168 AD3d 771, 773; see Penal Law § 70.04[1][a]; cf. People v Ballinger, 99 AD3d 931, 932; People v Torres, 145 AD2d 665). Furthermore, contrary to the defendant's contention, the sentencing limitations provided in Penal Law § 70.30(1)(e) do not apply where the two or more crimes include, as here, a class A felony (see Penal Law § 70.30[1][e][i]; People v Paige, 134 AD3d 1048, 1057; see also Matter of Roballo v Smith, 63 NY2d 485, 489).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court