People v Matus (2022 NY Slip Op 02135)





People v Matus


2022 NY Slip Op 02135


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.


2017-10627
 (Ind. No. 750/77)

[*1]The People of the State of New York, respondent,
v
Todd Matus, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant, and appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Marcia R. Kucera, Glenn Green, and Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered September 27, 2017, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The County Court did not err in overruling the defendant's hearsay objection to the testimony of a former assistant district attorney. Hearsay is defined as an out-of-court statement introduced to prove the truth of the matter asserted therein (see Nucci v Proper, 95 NY2d 597, 602; People v Brensic, 70 NY2d 9, 14). The former assistant district attorney testified that in a prior prosecution of defendant, upon completion of the first day of jury selection, the court instructed the defendant that "he had to be back here, obligated to be back the next morning." This statement is a command, not a statement that can be proven true or false. Because the statement was not hearsay, the court properly overruled the defendant's objection.
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86).
The contentions raised in the defendant's pro se supplemental brief regarding a prior trial against him are not properly before this Court. The remaining contentions raised in the defendant's pro se supplemental brief are unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court