People v Frederick (2022 NY Slip Op 07450)

People v Frederick

2022 NY Slip Op 07450

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2017-08274
 (Ind. No. 6013/15)

[*1]The People of the State of New York, respondent,
v
Marquise Frederick, appellant.

Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 28, 2017, convicting him of attempted murder in the second degree (four counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years on each conviction of attempted murder in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant and several accomplices were charged under an acting in concert theory with, inter alia, four counts of attempted murder in the second degree and two counts of criminal possession of a weapon in the second degree, stemming from their collective involvement in the August 3, 2015 nighttime shooting of several individuals in front of a residence in the Red Hook neighborhood of Brooklyn. The defendant, who was tried with his fellow accomplices at a joint trial before a single jury, was convicted of four counts of attempted murder in the second degree and acquitted of the remaining charges.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress lineup identification evidence. "[U]nduly suggestive pretrial identification procedures violate due process and therefore are not admissible to determine the guilt or innocence of an accused" (People v Chipp, 75 NY2d 327, 335; see People v Jackson, 98 NY2d 55, 559; People v Costan, 197 AD3d 716, 721). However, "'[w]hen a crime has been committed by a . . . long-time acquaintance of a witness there is little or no risk that comments by the police, however suggestive, will lead the witness to identify the wrong person'" (People v Carmona, 185 AD3d 600, 603, mod 37 NY3d 1016, quoting People v Rodriguez, 79 NY2d 445, 450 [internal quotation marks omitted]). Thus, when "the protagonists are known to one another, suggestiveness is not a concern" (People v Rodriguez, 79 NY2d at 449 [emphasis and internal quotation marks omitted]; see People v Dixon, 85 NY2d 218, 224; People v Carmona, 185 AD3d at 603). "The People bear the burden in any [*2]instance they claim that a citizen identification procedure was 'merely confirmatory' [and] must show that the protagonists are known to one another, or . . . that the witness knows defendant so well as to be impervious to police suggestion" (People v Rodriguez, 79 NY2d at 452 [citation omitted]). Here, the People met that burden. In any event, our review of the photographs of the lineup reveal that the lineup fillers possessed physical characteristics which were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup fillers and of the defendant (see People v Warren, 198 AD3d 934, 936; People v Benshitrit, 185 AD3d 1046; People v Fingall, 136 AD3d 622, 622-623). Further, the photographs taken of the lineup reflect that the age disparities between the defendant and the fillers were not so apparent as to "orient the viewer toward the defendant as a perpetrator of the crimes charged" (People v Dorcil, 194 AD3d 1069, 1070 [internal quotation marks and citation omitted]; see People v Jackson, 98 NY2d 555, 559; People v Davis, 27 AD3d 761, 761).
The Supreme Court providently exercised its discretion in denying the defendant's request to admit into evidence the results of certain DNA tests of material in the interior of the getaway vehicle used in the shooting. Under the particular circumstances of this case, the DNA test results "were not relevant as they did not tend to prove the existence or nonexistence of a material fact directly at issue and any probative value was outweighed by the possible prejudicial impact on the jury" (People v Melendez, 175 AD3d 714, 715). The defendant's contention that his constitutional right to present a defense was violated based on the exclusion of this evidence is without merit.
The defendant's contention that he was deprived of his right to a fair trial when the People introduced evidence of his gang affiliation to the jury through inadmissible hearsay testimony is unpreserved for appellate review (see CPL 470.05[2]; People v Picart, 171 AD3d 799; People v Arroyo, 128 AD3d 843, 844-845). In any event, the defendant's contention is without merit because the testimony at issue did not constitute hearsay (see People v Matus, 203 AD3d 1178), and the probative value of the evidence outweighed the risk of prejudice to the defendant. Further, the Supreme Court's limiting instruction to the jury on the issue of gang membership served to alleviate any prejudice resulting from admission of the evidence (see People v Moore, 164 AD3d 1370).
Contrary to the defendant's contention, the Supreme Court properly permitted a detective to testify as an expert regarding the meaning of certain coded language used in recorded prison telephone calls between the defendant and a third party, as the language at issue was beyond the ken of the ordinary juror. The expert testimony did not go beyond explaining the street terminology used in the telephone calls and did not infringe on the jury's fact-finding function as the expert did not directly express opinions about the ultimate issues in the case (see People v Inoa, 25 NY3d 466, 472; People v Goldman, 189 AD3d 698; People v Anderson, 149 AD3d 1407, 1413; People v Williams, 146 AD3d 410; People v Blackman, 118 AD3d 1148).
The defendant's contention that the jury verdict finding him guilty of attempted murder in the second degree and acquitting him of criminal possession of a weapon in the second degree was repugnant is not preserved for appellate review, as the defendant failed to raise before the formal discharge of the jury at trial his current specific contentions raised on appeal (see People v Alfaro, 66 NY2d 985; People v Alman, 185 AD3d 714; People v Phillips, 68 AD3d 1137, 1138-1139). In any event, the defendant's contention is without merit. "A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Alman, 185 AD3d at 716 [internal quotation marks omitted]; see People v Muhammad, 17 NY3d 532, 538-539; People v Sims, 199 AD3d 841; People v Granston, 259 AD2d 760, 761). Here, acquittal on the charges of criminal possession of a weapon in the second degree was not repugnant to the convictions of attempted murder in the second degree, as the weapon possession charges contain essential elements that the attempted murder charges do not (see People v Johnson, 197 AD3d 725; People v Francois, 85 AD3d 813; People v Graham, 307 AD2d 935).
The sentence imposed was excessive to the extent indicated herein (see People v [*3]Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court