People v Hanniford (2023 NY Slip Op 06057)

People v Hanniford

2023 NY Slip Op 06057

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2021-06950
 (Ind. No. 39/20)

[*1]The People of the State of New York, respondent,
v
Dean Hanniford, also known as "L," appellant.

Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Z. Segal, J.), rendered September 7, 2021, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that a photographic array was unduly suggestive is without merit. Participants in a photo array should be sufficiently similar in appearance to the defendant such that there is little likelihood that the defendant would be singled out for identification based on particular characteristics (see People v Bell, 188 AD3d 904, 905). However, "[t]here is no requirement that the other participants in a . . . photo array be identical in appearance to the defendant" (id. at 905). Here, the witness selected the defendant's photograph from an array containing photographs of six individuals with similar characteristics, and none of the defendant's physical features depicted therein were so unusual as to single him out for identification (see People v Frederick, 211 AD3d 1034, 1036; People v Tannen, 182 AD3d 482, 483; People v Brown, 89 AD3d 1032, 1033; People v Ortiz, 61 AD3d 1003, 1003; People v Stewart, 51 AD3d 826, 827; see also People v Manners, 217 AD3d 683, 684; People v Powell, 26 AD3d 795). Moreover, since the defendant failed to meet his burden of establishing that the photo array was unduly suggestive, it was not necessary for the People to establish that the witness had an independent basis to make an identification (see People v Traylor, 69 AD3d 659; People v Galarza, 206 AD2d 387).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court